# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

CHARLES CHAVEZ,

       Petitioner,

vs.                                  No. CIV 99-1088 JC/LCS

LAWRENCE TAFOYA, Warden,

       Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on Respondent's Motion to Dismiss *(Doc. 10)*, filed November 4, 1999, and Petitioner's motion for appointment of counsel, contained within his Response Brief *(Doc. 13)*, filed December 1, 1999. For the reasons stated, I propose finding that Respondent's motion is well-taken and recommend that it be granted. I propose finding that Petitioner's motion for appointment of counsel is not well-taken and recommend that it be denied.

### Proposed Findings

1.       Petitioner Charles Chavez is currently incarcerated and is proceeding *pro se* and *in forma pauperis*. Petitioner is confined pursuant to the Judgment, Sentence and Commitment of the Fifth Judicial District Court for the County of Chaves, State of New Mexico dated January 28, 1998 and the Order Amending Judgment, Sentence and Commitment dated February 5, 1998 ("Judgment and Sentence"). *See* Exhibits A and B to Respondent's Answer *(Doc. 9)*. Petitioner was found guilty by a jury of two counts of forgery and the court found Petitioner to be a habitual

offender with three prior convictions. *See id.* Ex. A. Petitioner was sentenced to a total of fourteen years of imprisonment, to be followed by two years of parole. Five years and six months of the sentence was suspended, with five years of the suspended portion of the sentence to be served on supervised probation concurrently withwith the parole. *See id.* The court also allowed Petitioner pre-sentence and post-sentence confinement credit. *See id.* Ex. B.

2. Petitioner challenges his conviction on the grounds that the state district judge who presided over his trial should have recused himself from the case *sua sponte* because the judge represented Mr. Chavez in either 1979 or 1981 on another criminal matter. According to Petitioner, the district judge was scheduled to preside over another matter involving Mr. Chavez in 1987, but he recused himself from that case when he learned that he had represented Mr. Chavez on a previous occasion. When Petitioner came before the same district judge for the trial that resulted in his 1998 conviction, the judge was not informed of the fact that he had represented Mr. Chavez in 1979 or 1981 and no motion to recuse was made. The judge did not recuse himself *sua sponte*, and proceeded to preside over the trial.

3. Petitioner filed an Untimely Notice of Appeal on March 23, 1998, and was granted leave to appeal his conviction to the New Mexico Court of Appeals. On appeal, he raised the same issues that he brings in this petition. The court of appeals affirmed his conviction on two procedural grounds: first, that Petitioner failed to preserve his issues by not objecting at trial, and second, that Petitioner failed to develop the record by presenting affidavits or other evidence. *See State v. Chavez*, No. 19,410 (N.M. App. Sept. 16, 1998) (reprinted as Ex. G to Respondent's Answer). Petitioner applied to the Supreme Court for a writ of certiorari on Oct. 2, 1998, again raising the same issues. *See* Ex. H to Respondent's Answer. The Supreme Court denied the writ

of certiorari, and issued its mandate to the district court on December 4, 1998. *See* Exs. I & J to Respondent's Answer.

4. Respondent moves to dismiss the Petition on the grounds that Petitioner has procedurally defaulted on his claims by failing to raise his claims at trial and by failing to create a record for the appellate court to consider, through affidavit or otherwise. Petitioner's Response Brief *(Doc. 13)* repeats the factual allegations of his Petition and requests that the Federal Public Defender be appointed to assist him in pursuing *habeas corpus* relief.

5. Federal *habeas corpus* relief ordinarily is not available to a state prisoner if the state court's failure to grant him the relief requested relies on adequate and independent grounds. *See Coleman v. Thompson*, 501 U.S. 722 (1991). In this case, the New Mexico Court of Appeals, the last state court to issue an opinion on Petitioner's claims, affirmed the conviction on two state procedural grounds: failure to raise the issue at the trial, and failure to develop the record that was before the appeals court.

6. Petitioner does not deny that he committed a procedural default by failing to raise the issue at trial. However, Petitioner claims that the procedural default was due to ineffective assistance by both his trial counsel (for failing to raise the issue) and his appellate counsel (for failing to develop the record before the appellate court).

7. Federal *habeas corpus* relief may be available for a state prisoner who procedurally defaults if the prisoner can show cause for the default that is external to himself, and can demonstrate actual prejudice as a result of the default. *See id.* at 750. Ineffective assistance of counsel is sufficient to meet the "cause" prong of the cause and prejudice test only if the state is constitutionally required to provide competent counsel and counsel's performance is so deficient

3

so as to constitute an independent constitutional violation. *See id.* at 754-55.

8. In the present case, the state had an obligation to provide Petitioner with competent counsel both at trial and on his first appeal of right. *See Douglas v. California*, 372 U.S. 353, 357-58 (1963). However, Petitioner does not make out a *prima facie* case that his counsel was constitutionally deficient for failing to raise the issue of recusal. Petitioner's allegations, taken in the light most favorable to Petitioner, state that he informed his trial counsel a few days prior to trial that the trial judge represented him in a burglary charge some twenty years earlier. The appellate briefs submitted on Petitioner's behalf contend that his trial counsel did not raise the issue until after the trial because he believed that the matter was not brought in a timely manner. *See* Ex. F to Respondent's Answer, at 2. Trial counsel's decision not to seek recusal does not necessarily constitute constitutionally ineffective performance where the trial counsel's decision might be considered a strategic decision. *See United States v. Bayless*, __F.3d __, No. 98-1580, 2000 WL 35565 at *14 (2d Cir. Jan. 18, 2000). Petitioner has not alleged any facts that would indicate his counsel's performance was objectively unreasonable for not seeking recusal.

9. Furthermore, I recommend finding that even if the performance of Petitioner's counsel fell below an objective standard of reasonableness, Petitioner has failed to establish prejudice from this deficiency. To establish prejudice in the context of ineffective assistance of counsel, Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). Petitioner makes no allegation that he is actually innocent of the crime for which he was convicted, nor does he claim that he was not convicted of

the prior offenses for which he received his habitual offender sentence.  Petitioner does not point to any rulings by the judge during his trial that indicated either bias against him or extrajudicial knowledge.  Therefore, this court can only conclude that if another judge had conducted the trial, habitual offender hearing, and sentencing, the outcome would have been the same.  Having failed to allege prejudice, Petitioner is not entitled to *habeas corpus* relief after his procedural default.

10. Petitioner requests appointed counsel in his response brief, and repeats the factual basis for his Petition: that the trial judge should have recused himself because he had knowledge of Petitioner's prior history from representing Petitioner in another matter some twenty years earlier.  Petitioner does not have an absolute right to appointed counsel in a *habeas corpus* action. *See United States v. Masters*, 484 F.2d 1251, 1253 (10th Cir. 1973).  In view of the fact that Petitioner admits to a procedural default and alleges no facts that could constitute prejudice, I propose finding that it would be futile to appoint counsel for Petitioner in this case.

## Recommended Disposition

I recommend that Respondents' Motion to Dismiss, filed November 4, 1999 *(Doc. 10)*, be GRANTED and that the Petition be DISMISSED with prejudice.  I further recommend that Petitioner's motion for appointment of counsel *(Doc. 13)* be DENIED.  Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C).  Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102.  A party must file any objections within the ten day period allowed if that party wants to have

appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

**LESLIE C. SMITH**
**United States Magistrate Judge**

F:\aaHabeas Orders\99-1088 pfd